## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EX REL. ADUDDELL | § | |
| ROOFING & SHEET METAL, INC. | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:08CV346 LG-RHW |
| | § | |
| CAROTHERS CONSTRUCTION, INC. | § | |
| and TRAVELERS CASUALTY & | § | |
| SURETY CO. OF AMERICA | § | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING
### MOTION TO COMPEL ARBITRATION AND IMPOSING STAY

THE MATTER BEFORE THE COURT is the Amended Motion to Compel Arbitration

and Stay Litigation [10] filed by Defendant Carothers Construction, Inc.  The Plaintiff has

responded.  After due consideration of the parties' submissions and the relevant law, it is the

Court's opinion that the parties have agreed by contract to arbitrate this dispute.  Accordingly, the

Motion  will be granted.

DISCUSSION

Defendant Carothers was the prime contractor on a federal project to make repairs to

buildings at the Naval Command Battalion Center in Gulfport, Mississippi.  Defendant Travelers

issued a payment bond pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.,* guaranteeing

Carothers' payment to subcontractors.  Aduddell, a roofing subcontractor on the project, filed

suit to obtain payment it alleges were wrongfully withheld by Carothers.  Aduddell has also

asserted a claim against Travelers under the payment bond for the sums withheld by Carothers.

Carothers seeks an order compelling arbitration of any claims Aduddell's may have against

Carothers.  Carothers also seeks a stay regarding any claims against Travelers under the payment

bond.

Aduddell does not deny that it entered into a valid arbitration agreement with Carothers. However, Aduddell contends that the subcontract arbitration clause excludes any dispute with a third party and that there is no agreement between Carothers, Aduddell and Travelers to arbitrate disputes among themselves.  Aduddell also argues that the arbitration clause is one-sided and therefore substantively unconscionable.

The arbitration clause at issue appears in Section 19 of the Subcontract, and provides in part:

> Except as otherwise specifically provided therein, all claims, disputes, and other matters in controversy between the Contractor and the Subcontractor arising out of or relating to this Subcontract shall be decided by binding arbitration in accordance with the current and applicable construction industry rules of the American Arbitration Association, unless the parties both agree to different rules and procedures. The sole exception to binding arbitration between the Contractor and Subcontractor is as follows:

> If the Contractor in good faith believes that any claim, dispute, or other matter in controversy with the Subcontractor also involves rights or liabilities of the Owner, Architect, or other third party, then, at the Contractor's sole election, the Subcontractor agrees to resolve such issues in the same forum or proceeding, including arbitration, court, or administrative authority, which has jurisdiction over some or all claims, disputes, and matters in controversy involving the Owner, Architect, or other third party so as to promote economy and avoid inconsistent rules.

> The Contractor and Subcontractor intend and agree the foregoing dispute resolution provisions and rights of election given to the Contractor are not independent of nor severable from the remainder of the Subcontract and that such provisions and election rights are supported by the consideration and mutuality of the Subcontract as a whole. The locale for any arbitration or litigation involving the Subcontractor and the Contractor shall be Jackson, Mississippi, unless the Contractor agrees to designate another locale to facilitate joinder of parties, to consolidate claims, or for any other reason.

Ct. R. 7-2 p 5-6.

Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*., provides for entry of an

order compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement.  To decide whether parties must submit to arbitration, a court's first task is to determine whether the parties agreed to arbitrate the dispute at issue.  *OPE Int'l LP v. Chet Morrison Contractors, Inc.,* 258 F.3d 443, 445 (5th Cir. 2001);  *Harvey v. Joyce,* 199 F.3d 790 (5th Cir. 2000).  This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  *OPE Int'l LP,* 258 F.3d at 445.

A party cannot be required to submit to arbitration unless he has "agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986).  This preliminary question of substantive arbitrability is squarely a matter for judicial determination.  *Id.* at 649. The Fifth Circuit has instructed district courts that "where the very existence of any agreement is disputed, it is for the courts to decide at the outset whether an agreement was reached, applying state-law principles of contract."  *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003).

As noted above, Aduddell does not deny that it entered into a valid arbitration agreement with Carothers.  Aduddell's focus is on the second part of the test - whether the dispute falls within the scope of the arbitration agreement.  It is the Court's opinion that it does.  Carothers and Aduddell agreed to resolve "all claims, disputes, and other matters in controversy . . . arising out of or relating to this Subcontract" by arbitration.[1]   Nonpayment for work performed pursuant to the Subcontract is clearly a matter "arising out of" the Subcontract.  Thus, under the plain

---

[1]The only exception is that Carothers alone may choose the forum, including arbitration, when it in good faith determines that the dispute "also involves rights or liabilities of the Owner, Architect, or other third party."  Ct. R. 7-2 p 6.

language of the arbitration clause Aduddell has contractually agreed to resolve the withheld

payment dispute with Carothers by way of arbitration.

Aduddell's argument that its Miller Act claims against Travelers take this lawsuit outside

the scope of the arbitration clause is not persuasive.  Carothers is not asking for arbitration of

Aduddell's claims against Travelers.  Instead, it seeks to compel compliance with a contractual

agreement to arbitrate the claims Aduddell has asserted against Carothers.  Furthermore, a Miller

Act claim is not *per se* nonarbitrable.  "It is well-established [ ] that statutory claims, such as

those arising under the Miller Act, may be the subject of an enforceable arbitration agreement."

*Ellefson Plumbing Co. v. Holmes & Narver Constructors, Inc*. 143 F.Supp. 2d 652, 656 (N.D.

Miss. 2000) (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).

Having determined that Aduddell agreed to arbitrate its claims against Carothers, the

Court must now consider whether any federal statute or policy renders the claims nonarbitrable.

*OPE Int'l*, 258 F.3d at 446.   Under this second inquiry, "applicable contract defenses available

under state contract law such as fraud, duress, and unconscionability may be asserted to

invalidate the arbitration agreement without offending the Federal Arbitration Act."  *East Ford,*

*Inc. v. Taylor*, 826 So. 2d 709, 713 (Miss. 2002).  Aduddell argues that the arbitration clause is

one-sided and therefore substantively unconscionable because Carothers can elect to have claims

heard in court in certain circumstances.

In determining whether an agreement to arbitrate is unenforceable due to

unconscionability, the Court refers to state law.  *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S.

681, 686-87 (1996).  A party may prove substantive unconscionability by demonstrating that the

terms of the arbitration clause are oppressive.  *First Family Financial Services, Inc. v. Sanford,*

-4-

203 F.Supp.2d 662, 666 (N.D. Miss. 2002). "Substantive unconscionability is present when there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." *Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 521 (Miss. 2005)

The contention that a lack of mutuality will operate to relieve a party of their agreement to arbitrate has been upheld by Mississippi courts only when an arbitration clause is "clearly one-sided [and] oppressive." *Pitts v. Watkins*, 905 So.2d 553 (Miss. 2005). In *Pitts*, the Mississippi Supreme Court found an arbitration agreement unconscionable because (1) one party could go to court to seek damages while the other was limited to arbitration, (2) the agreement attempted to limit punitive damages, and (3) the agreement attempted to shorten the statute of limitations. *Id.* Mississippi has rejected the contention of unconscionability in the absence of similar, excessively skewed, contract terms. *See Fradella v. Seaberry*, 952 So. 2d 165, 172-73 (Miss. 2007). A one-sided arbitration clause may be conscionable "because it bears some reasonable relationship to the risks and needs of the business." *Vicksburg Partners*, 911 So. 2d at 521 (citations and quotation marks omitted).

This Court recently reviewed an arbitration clause identical to the one at issue here in a similar dispute between commercial entities and found no unconscionability for several reasons:

> First, mutuality of obligation is not required under Mississippi law for an arbitration agreement to be enforceable as long as there is consideration. *McKenzie Check Advance v. Hardy*, 866 So.2d 446, 453 (Miss. 2004). Additionally, the clause is reasonable due to the nature of the parties' business. Furthermore, the clause requires [the Contractor] to exercise good faith in making the determination whether a particular dispute should be brought in court.

*Remza Drywall Inc. v. W.G. Yates & Sons Const.*, 2007 WL 2033047, * 4 (S.D. Miss. July 10,

2007).  For the same reasons, the arbitration clause at issue here is conscionable and enforceable.

Accordingly, Carothers is entitled to the relief it seeks pursuant to Section 3 of the Federal

Arbitration Act.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Amended Motion to

Compel Arbitration and Stay Litigation [10] filed by Defendant Carothers Construction, Inc. is

**GRANTED**.  The Plaintiff is hereby ordered to submit its claims against Defendant Carothers

Construction, Inc. to binding arbitration.

**IT IS FURTHER ORDERED AND ADJUDGED** that this case is stayed until Plaintiff

notifies the Court in writing that arbitration proceeding have been concluded.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2008.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE